# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JEREMY S. COCHRAN,

    Plaintiff,

    v.

CORRECTIONAL OFFICERS, NORTH BRANCH CORRECTIONAL INSTITUTION,

    Defendant.

Civil Action No. ELH-21-1626

## MEMORANDUM

Plaintiff Jeremy S. Cochran, who is incarcerated at North Branch Correctional Institution ("NBCI"), alleges, pursuant to 42 U.S.C. § 1983, that on December 7, 2020, he was "stabbed 15 times by the Bloods" and that Officers Lambert, Railey, Koch, Graham, Adkins, Reed, Broadwater, and Smith failed to protect him from harm. ECF 1 at 2, 4.[1] For the reasons discussed below, Cochran's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Cochran will be provided with an opportunity to file an amended complaint to correct the deficiencies noted.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of the Complaint and dismissal of it if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-*

---

[1] The clerk shall amend the docket to reflect these individuals are named as additional Defendants.

*Marquez,* 140 S.Ct. 1721 (2020).  Here, the Complaint is deficient because Cochran alleges that the named correctional employees failed to protect him from harm but does not provide any specific factual allegations against any of the named defendants.

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Cochran must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm.  *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penologicial objective, any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted).

However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837; *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established.  *See Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).  Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of either injury.  *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014).  Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety."  *Farmer*, 511 U.S. at 834.  Evidence establishing a

culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id*. at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence" so that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128.

Cochran must amend his Complaint to include specific factual allegations as to each individual whom he claims is responsible for the alleged wrongdoing, including the dates (or approximate dates) of the alleged incidents; the facts supporting his claim as to each named individual; and how the facts alleged state a constitutional claim.

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than those drafted by attorneys. But, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Cochran should be provided an opportunity to file an amended complaint within 28 days of the date of this Order, which includes the necessary allegations regarding his claims as directed above.

To comply with the Federal Rules of Civil Procedure, the Complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers

3

labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An amended complaint generally replaces the original complaint filed. *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

In sum, the amended complaint must meet the requirements of this Order or risk dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Cochran is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date: July 12, 2021 /s/
Ellen L. Hollander
United States District Judge